UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Exeter Hospital, Inc.**

    **v.**                                                        Civil No. 14-cv-09-PB
                                                          Opinion No. 2014 DNH 098
**David Kwiatkowski, et al.**


**O R D E R**


Exeter Hospital filed this suit in state court.  The defendants subsequently filed a notice of removal in this court.  An administrative error resulted in the defendants failing to timely file the required state court notice of removal prior to the deadline to answer the complaint.  Doc. No. 21-1; see 28 U.S.C. § 1446(d).  That court consequently defaulted each of the defendants.  Doc. No. 16.  With the exception of David Kwiatkowski, all defendants have moved to set aside the entries of default.[1]  Doc. No. 21.

Pursuant to Federal Rule of Civil Procedure 55(c), I "may set aside an entry of default for good cause."  The First Circuit has stated that

---

[1] The Hospital objected, arguing that the case must be remanded for lack of subject matter jurisdiction and I therefore may not entertain the instant motion.  Doc. No. 27.  I recently rejected that argument, see Exeter Hosp., Inc. v. Kwiatkowski, 2014 DNH 097, 18, and the Hospital does not object to the motion on any other ground.

> [t]here is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors. The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. . . . [C]ourts may consider other relevant factors, including (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside the entry of default].

Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010) (citations and internal quotation marks omitted) (last alteration in original).  For the reasons discussed in the defendants' brief, I agree that each of these factors weighs in their favor.  See Doc. No. 21; see also Indigo Am., 597 F.3d at 6 (citing Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 75 (1st Cir. 2001)) (noting the "preference for resolving disputes on the merits").  Consequently, I grant the defendants' joint motion to set aside the defaults (Doc. No. 21).  The default entered against Kwiatkowski remains undisturbed.

   SO ORDERED.

                                        /s/Paul Barbadoro
                                        Paul Barbadoro
                                        United States District Judge

May 6, 2014

cc:   Robert C. Dewhirst, Esq.
      David Kwiatkowski, pro se
      Jay Surdukowski, Esq.

Peter A. Meyer, Esq.
Mark A. Darling, Esq.
Mark W. Shaughnessy, Esq.
Robert G. Whaland, Esq.
Ralph Suozzo, Esq.
William N. Smart, Esq.